Representative Michael K. Wilson Post Office Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
This is in response to your request for an opinion regarding the Teacher Fair Dismissal Act ("Act") of 1983, which is codified at A.C.A. 6-17-1501 et seq.
You have asked, specifically, whether a proposed Pulaski County Special School District policy is in conformity with the Act. You have also asked whether the language of A.C.A. 6-17-1501(1)(2) with respect to three year's employment "in a school district in this state" means three years in a single district or a total of three years in school districts in the state, and whether the provision allowing the imposition of an additional year of probationary status applies only to teachers with experience in other school districts in the state or whether it may be applied to a teacher whose entire employment is with the employing district.
Due to the following responses to your other two questions, it is my opinion that the proposed policy is not in conformity with the 1983 Act. According to your correspondence, the policy would state:
 During the first academic year of employment by the Pulaski County Special School District, a teacher will be employed on a probationary contract regardless of his or her previous teaching experience. A teacher's probationary status shall continue for successive academic years unless and until the teacher's employment by this District, when combined with the teacher's employment by other school districts in this state, exceeds three (3) academic years of employment. A majority of the Directors of this District may extend by one additional year the probationary status of a teacher who is otherwise eligible for tenure status but who has, in the opinion of the teacher's supervisor and the Superintendent, certain deficiencies. If the teacher is reemployed at the end of the additional probationary hear, he or she will be granted tenure status.
Arkansas Code Annotated 6-17-1502(a)(2) and (b) state as follows:
 a. As used in this subchapter, unless the context otherwise requires:
* * *
 (2) "Probationary teacher" means a teacher who has not completed three (3) successive years of employment in the school district in which the teacher is currently employed. A teacher employed in a school district in this state for three (3) years shall be deemed to have completed the probationary period; however, an employing school district may, by a majority vote of its directors, provide for one (1) additional year of probationary status.
 (b) A teacher who has completed three (3) successive years of employment in the school district in which the teacher is employed on July 4, 1983, or a teacher who has been given credit for a prior service in another district as authorized by subdivision (a)(2) of this section, is deemed to have completed the required probationary period.
I have enclosed a copy of Attorney General Opinion Number 88-091, issued by this office on August 31, 1988, in which the foregoing language of the Teacher Fair Dismissal Act was considered. It was concluded therein that the three year's employment must be in a single school district. Thus, following this construction, it must be concluded that the proposed policy varies from the Act in that non-probationary status could be extended there under to one whose three years of employment were not in one district.
In response to your involving the provision for an additional year of probationary status, it may reasonably be concluded following a review of subsection (a)(2) of 6-17-1502, when read in conjunction with subsection (b), that this provision only applies to teachers who have been given credit for a prior service in another district. This teacher is distinguishable from one whose three (3) years of employment are in another district. This teacher is distinguishable from one whose three (3) years are with the district in which he or she is currently employed. The pertinent clause providing for the extension of probationary status appears to relate only to the former. This follows from the separation of the two sentences, and the semicolon in the second sentence. The proposed policy would therefore be contrary to the Act in allowing additional probation for one who has completed three (3) successive years of employment in the current district.
The foregoing conclusions are based upon an interpretation of the provisions in question since there are no cases or other legislative enactments offering guidance on these issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.